UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

          Plaintiff,          Case No. 24-10825

v.                                    Judith E. Levy
                                    United States District Judge

Boedeker Law P.C.,

                                    Mag. Judge Elizabeth A.
          Defendant.        Stafford

_____/

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [32], OVERRULING PLAINTIFF'S OBJECTIONS [35], AND DENYING AS MOOT PLAINTIFF'S <u>MOTION FOR SANCTIONS [47]</u>**

On April 1, 2024, Plaintiff Joy Rahaman[1] filed this action against Boedeker Law P.C. (ECF No. 1.) On April 25, 2024, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") recommending that the Court dismiss the complaint for lack of subject-matter jurisdiction. (ECF No. 32.) Plaintiff timely filed eight objections to the R&R. (ECF No. 35.) Defendants responded to Plaintiff's objections

---

[1] Plaintiff is an enjoined filer in the Eastern District of Michigan. (Case No. 24-13348, ECF No. 107, PageID.1748–1749.)

(ECF No. 36). The case was reassigned to the undersigned on January 31, 2025. (ECF No. 37.) For the reasons set forth below, the Court adopts the R&R and overrules Plaintiff's objections. The Court dismisses the complaint. In light of the dismissal of the complaint, the Court also denies Plaintiff's motion for sanctions as moot.

## I. Background

The factual and procedural background set forth throughout the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v.*

*Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff initiated the case as a self-represented party, the Court will construe her complaint liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (stating that "we read a [*pro se*] prisoner's complaint liberally").

**III. Analysis**

3

Plaintiff filed eight objections to the R&R. (ECF No. 35, PageID.286–289.) The Court overrules each of them.

### A.  Objections One and Two

Plaintiff's first objection is that she has previously established subject-matter jurisdiction by "outlining in detail Attorney Michelle Boedeker of Boedeker Law's interference in the District Court proceedings by defaming the Plaintiff, making false statements, and providing a forged Release to both Defense Attorneys in [the] cases." (ECF No. 35, PageID.286.) Objection Two repeats the parts of Objection One related to the allegedly false statements and forged release:

> Objection 2- Plaintiff objects to Magistrate Stafford's report and recommendation that this court lacks subject matter jurisdiction because in Rahaman v. State Farm, 22-10635, the Defense Attorney was Cary Berlin and Attorney Michelle Boedeker was a witness in this case. Attorney Michelle Boedeker made a Sworn Affidavit with false statements, then gave the Affidavit with those false statements, along with a copy of her forged release, to Mr. Berlin, the State Farm Attorney so he could gain summary judgment.

(*Id.*)

As Plaintiff sets forth in her brief, she "wrote a 20-page detailed response to Magistrate Stafford's show cause order [on subject-matter jurisdiction] outlining [the arguments] in detail," (ECF No. 35,

4

PageID.286), so these objections merely restate arguments already presented to the Magistrate Judge. (*See* ECF No. 13, PageID.56.) As such, both Objections One and Two are improper because they restate arguments already presented to the magistrate judge. *See Coleman-Bey*, 287 F. App'x 420, 422.

Even if the Court were to reach the merits of these objections, they would fail. The R&R is correct that the statutes Plaintiff cites related to defamatory and false statements allegedly made by Attorney Boedeker[2] "do not supply federal causes of action for the civil claims asserted" against Defendant. (ECF No. 32, PageID.275.) Plaintiff also "made no forgery claim in her complaint," and "[e]ven if she had made a forgery claim, she offers no authority supporting that such a claim would confer federal jurisdiction." (*Id.* at PageID.276.) The first two objections are therefore overruled.

### B. Objection Three

---

[2] The Court further notes that the attorney, Michelle Boedeker, is not a defendant in this case.

In her third objection, Plaintiff argues that the Court has subject-matter jurisdiction because an attorney at the Defendant's counsel's law firm allegedly failed to cooperate in a previous federal case:

> Objection 3-The Plaintiff objects to Magistrate Stafford's report and recommendation that this court lacks subject matter jurisdiction because in this jurisdiction, Attorney Michelle Boedeker wrote a sworn affidavit after she refused to answer the interrogatories, then refused to answer the subpoenaed written deposition. The Wayne Circuit Court would not have subject matter jurisdiction over events that occurred in the district court. This court would have exclusive and subject matter jurisdiction because they arose out of the district court Case No. 22-10635, "Rahaman v. State Farm."

(ECF No. 35, PageID.286–289). This objection is improper because it merely restates arguments Plaintiff already presented to the Magistrate Judge in her April 18, 2024 response to a show cause order. (*See* ECF No. 13, PageID.58–67.) And like the first two objections, the third objection would also fail on the merits. The R&R correctly states that "Plaintiff cites no authority—nor is the Court aware of any—showing that an attorney's failure to cooperate [in an earlier federal action] can confer federal jurisdiction in a subsequent case." (ECF No. 32, PageID.276.) The Court therefore overrules the third objection.

    C.    Objection Four

Plaintiff's fourth objection also fails. Plaintiff states that she

6

> objects to the timing of the entry of Magistrate Stafford's report and recommendation for lack of subject matter jurisdiction, because she entered her orders after the Plaintiff filed a Notice to Withdraw her Motion for Entry of Default and Default Judgment. DOC #31 The Plaintiff incorrectly filed a motion for entry of default judgment, instead of a request for the clerk's entry of default and entry of default judgment. Once the Plaintiff found the "requests" on the ECF website, she submitted a request for the clerk's entry of default and default judgment, but the clerk denied the Plaintiff because of the outstanding Motion for entry of default judgment.

(ECF No. 35, PageID.287.) This objection is difficult to understand, but Plaintiff appears to argue that it was improper for the Magistrate Judge to recommend dismissing the complaint until the Court reconsidered Plaintiff's requests for the Clerk's entry of default after she withdrew a separate motion.

The Court notes that at the time the R&R was issued, Plaintiff did not have an outstanding request for the Clerk's entry of default.[3] Even if she had one, Plaintiff does not—and cannot—cite caselaw for the

---

[3] Plaintiff has filed two requests for the Clerk's entry of default and two requests for the Clerk's entry of default judgment. (ECF Nos. 22, 23, 27, 28.) All four requests were denied. (ECF Nos. 24, 26, 29, 30.) Plaintiff did not submit a new request for the Clerk's entry of default or default judgment, although she filed an "objection" to the notices of denial over a year later, on April 7, 2025. (ECF No. 39, PageID.672.)

7

proposition that the Magistrate Judge should have dealt with the issue of default before recommending dismissal. That is because "federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of *every* matter before them." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (emphasis added). "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).[4]

As Defendant notes in its response, "the Plaintiff's filings related to request for entry of default and motion for default judgment have no bearing on whether subject-matter jurisdiction exists in this case." (ECF No. 36, PageID.405.) Since a magistrate judge can and should properly consider subject-matter jurisdiction at any stage in the case, the Court overrules Plaintiff's fourth objection.

    D.    Objection Five

---

[4] Even if Plaintiff had obtained an entry of default and then a judgment in this case, that judgment would have been void under Rule 60(b)(4), since the Court that rendered it did not have subject-matter jurisdiction. *See Antoine v. Atlas Turner*, 66 F.3d 105, 108 (6th Cir. 1995).

8

Plaintiff's fifth objection is that if the Court dismisses the case, "Attorney Michelle Boedeker won't be held accountable for her refusal to comply with . . . a note on the docket" to refile her notice of appearance correctly, under her own CM/ECF login credentials. (ECF No. 35, PageID.287–288.) Objection Five is improper because it does not identify any error in the R&R. *See Pearce*, 893 F.3d at 346; *Miller*, 50 F.3d at 380. And as Defendant notes in its response, Plaintiff does not state how this concern confers subject-matter jurisdiction. (ECF No. 36, PageID.406.) This fifth objection is also overruled.

### E. Objection Six

In Objection Six,

> Plaintiff objects to Magistrate Stafford's report and recommendation about the Plaintiff[']s 2016 auto accident because new evidence arose out of each one of the Plaintiff[']s lawsuits during her investigation, that showed Attorney Michelle Boedeker's interference in every lawsuit that the Plaintiff filed in the district court. Further, I object because on September 3, 2016, the Plaintiff was severely injured.

(ECF No. 35, PageID.288.) This objection is unclear, but Plaintiff appears to make two points: (1) new evidence from various lawsuits filed by Plaintiff establishes Attorney Boedeker's interference in this case, and (2) Plaintiff suffered an injury. Objection Six is improper because it does

9

not identify any error in the R&R. *See Pearce*, 893 F.3d at 346; *Miller*, 50 F.3d at 380. And the Court again notes that, even if Boedeker had interfered in a previous federal case by making false statements or forging a release (for which there is no evidence) the Magistrate Judge considered these arguments and found they do not form a basis for subject-matter jurisdiction. (*See* ECF No. 13, PageID.56; ECF No. 32, PageID.275–276.) As for the point that she was injured, the Court sympathizes with the Plaintiff that she was severely injured and required significant medical treatment up to June 2019. (ECF No. 35, PageID.289.) However, the fact that she was injured does not form a basis for federal question jurisdiction in this case. As the R&R states, there is simply no diversity or federal question jurisdiction here. (ECF No. 32, PageID.274.) This objection is overruled.

      F.    Objection Seven

Plaintiff's seventh objection is that "Attorney Michelle Boedeker did not deny she wrote the racist HIV email." (ECF No. 35, PageID.289.) Objection Seven is improper because it does not identify any error in the R&R. *See Pearce*, 893 F.3d at 346; *Miller*, 50 F.3d at 380. And as Defendant states, "Denying or not denying authorship of an email does

not magically create a cause of action under federal law here. There is no federal statute or rule that creates a federal question based on whether someone does or does not admit to writing an email about another person." (ECF No.36, PageID.407–408.) In her objection, Plaintiff does not cite any legal basis for subject-matter jurisdiction, as there is none. Thus, the Court overrules the seventh objection.[5]

### G. Objection Eight

Plaintiff's final objection is "when [a previous] lawsuit was filed by attorney Michelle Boedeker, the Wayne Circuit Court did not have federal or subject matter jurisdiction, because State Farm is a resident of [the] State of Illinois, and the Plaintiff is a resident of the State of Michigan." (ECF No. 35, PageID.289.) First, Objection Seven is improper because it does not identify any error in the R&R. *See Pearce*, 893 F.3d at 346; *Miller*, 50 F.3d at 380. Second, whether a Michigan state court had jurisdiction over an issue in a previous case is irrelevant to the findings of the R&R. It has no bearing on whether Plaintiff established

---

[5] Furthermore, as the R&R states, "the Sixth Circuit found a 'very high probability that Rahaman fabricated the defamatory email' she alleges Boedeker authored in March 2017." (ECF No. 32, PageID.277 (quoting *Rahaman v. State Farm Mut. Ins. Co.*, No. 23-1816, 2024 U.S. App. LEXIS 7515, at *3 (6th Cir. Mar. 29, 2024).)

11

subject-matter jurisdiction in *this* case. As the Magistrate Judge concluded in the R&R, Plaintiff's complaint should be dismissed because it does not provide a basis for diversity or federal question jurisdiction.[6] (ECF No. 32, PageID.274.) Therefore, the Court overrules Objection Eight.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections are OVERRULED. (ECF No. 35.) The R&R is ADOPTED. (ECF No. 32.) The case is DISMISSED WITH PREJUDICE.

Plaintiff's motion for sanctions is DENIED AS MOOT. (ECF No. 47.)

IT IS SO ORDERED.

Dated: June 3, 2025         s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                            United States District Judge

---

[6] Although Plaintiff cites some federal statutes in her complaint, "those statutes do not supply federal causes of action for the civil claims asserted." (ECF No. 32, PageID.275.)

12

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
